IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAHYAN HARRIS, JR., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-4372 |
| | : | |
| PAGE, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**SCHMEHL, J. /s/ JLS**                                    **DECEMBER 28, 2023**

Kahyan Harris, Jr., an inmate currently confined at SCI Greene, has filed a *pro se* Complaint asserting civil rights violations based on events that are alleged to have occurred while he was confined at SCI Chester.[1]  Named as Defendants are Correctional Officer Lebron and Correctional Officer Page.  Harris also seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Harris *in forma pauperis* status and permit him to proceed on his claims against C.O. Lebron.  Harris's claims against C.O. Page will be dismissed without prejudice.  Harris will be granted the option of proceeding only on those claims that pass statutory screening, or filing an amended complaint.

**I.    FACTUAL ALLEGATIONS**[2]

Harris claims that on July 24, 2023, he was taken from the yard to the search area by Correctional Officers Page and Lebron.  (Compl. at 5.)  Once there, he was put on the body

---

[1] The publicly available state court docket, of which this Court may take judicial notice, reflects that Harris was a convicted and sentenced prisoner at the time he filed the Complaint.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006); *Commonwealth v. Harris*, CP-51-CR-0015135-2009 (C.P. Phila).

[2] The allegations set forth in this Memorandum are taken from Harris's Complaint.  The Court adopts the pagination supplied by the CM/ECF docketing system.)

scanner and was cleared, such that no contraband was seen in his body. (*Id.*) Harris then complied with C.O. Page's instruction to remove his clothing for a strip search. (*Id.*) Harris asserts that, as he stood naked, C.O. Lebron stated that "security was told that [he] had contraband." (*Id.*) Harris contends that he ignored C.O. Lebron's comment, who then "started getting upset and saying that he going to catch my ass and make sure I stay in the hole until my next court date." (*Id.*) At the same time, C.O. Page directed Harris to open his mouth and lift his tongue, which Harris did. (*Id.*) C.O. Page repeated this instruction, and Harris complied. (*Id.*) According to Harris, C.O. Lebron then stated to C.O. Page that he was "tired of putting up with this dude," reached into Harris's mouth, put Harris into a headlock, and began to choke Harris by cutting off his air supply. (*Id.* at 5, 7.) Harris asserts that he also was thrown to the ground and felt a sharp pain on the left side of his ribs and back. (*Id.* at 7.) He also had difficulty breathing. (*Id.*)

Harris further alleges that he reported the event to Captain Bacco when he took Harris to the medical department. (*Id.*) Harris also reported the incident to Nurse McKenna, who submitted a request for an x-ray study to be performed. (*Id.*)[3]

After Harris was treated in the medical unit by Nurse McKenna, he was brought to a dry cell and placed in handcuffs. (*Id.*) His handcuffed hands were placed in a cuff bag and his legs were cuffed as well. (*Id.*) Harris was told that he had to defecate three times so that he could be checked again for contraband. (*Id.*) He stayed in the dry cell for approximately forty-eight hours and was cleared from having contraband, was put on the body scanner again, and was cleared again. (*Id.*) Harris alleges that while in the dry cell, he complained of his injuries. (*Id.*)

---

[3] The x-ray study occurred on August 1, 2023. (Compl. at 7.) It revealed a hairline fracture on the left side of Harris's ribs. (*Id.*)

As a result of the alleged incident, Harris suffered a hairline fracture of his ribs, breathing problems, and back pain. (*Id.* at 5.) He seeks monetary damages. (*Id.*)

## II. STANDARD OF REVIEW

The Court grants Harris leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) ("At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." (internal quotations omitted)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Harris is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the

---

[4] Because Harris is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

complaint has failed to name it." *Id.* However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

### III.  DISCUSSION

Harris asserts claims pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Harris brings claims based on the July 24, 2023 incident during the search. The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency. *See Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). The court must determine whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7. "Force that is used 'maliciously and sadistically for the very purpose of causing harm' violates the Eighth Amendment." *Young v. Martin*, 801 F.3d 172, 180 (3d Cir. 2015) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). The factors used to determine whether the force applied was excessive include: "(1) 'the need for the application of force'; (2) 'the relationship between the need and the amount of force that was used'; (3) ''the extent of injury inflicted'; (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them'; and (5) 'any efforts made to temper the severity of a forceful response.'" *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting

*Whitley v. Albers*, 475 U.S. 312, 321 (1986)).  The inquiry is driven "by the extent of the force and the circumstances in which it is applied; not by the resulting injuries." *Smith v. Mensinger*, 293 F.3d 641, 648 (3d Cir. 2002).

Harris alleges that while he stood naked and complied with C.O. Page's instructions to open his mouth and lift his tongue, C.O. Lebron said that he was "tired of playing with this dude," reached his hands into Harris's mouth, put Harris into a headlock, choked Harris and cut off his air supply, and then threw Harris to the ground, while continuing to choke him.  (Compl. at 5, 7.)  X-rays later revealed that Harris suffered a hairline fracture of his ribs.  (*Id.* at 7.)  Taking Harris's allegations as true as the Court is obligated to do at this stage of the litigation, Harris has alleged a sufficient basis from which the Court could infer that C.O. Lebron's use of force was excessive.  Accordingly, Harris will be permitted to proceed on this claim against C.O. Lebron.

However, Harris's Complaint fails to allege a plausible basis for an excessive force claim against C.O. Page.  In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)); *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (a defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved") (citation omitted).  Although he is named as a Defendant and Harris alleges that he was involved in the search on July 24, 2023, Harris does not present any allegations of the use of force, much less excessive force, by C.O.

5

Page.  As pled, Harris's allegations are far too undeveloped to sustain an excessive force claim against C.O. Page.[5]

## IV.   CONCLUSION

As set forth more fully above, Harris's excessive force claim against C.O. Lebron passes statutory screening.  However, Harris's claims against C.O. Page will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Considering Harris's *pro se* status, he will be granted the option of filing an amended complaint to attempt to cure the defects in those claims.[6]  In the alternative, Harris may advise the Court that he seeks to proceed only on the claim against C.O. Lebron.

An appropriate Order follows.

                                            **BY THE COURT:**

                                            **/s/ Jeffrey L. Schmehl**
                                            **JEFFREY L. SCHMEHL, J.**

---

[5] Similarly, to the extent that Harris seeks to raise claims based on his time in the dry cell, he has failed to allege a plausible claim against a named Defendant.

[6] If Harris files an amended complaint, his amended complaint must be a complete document that includes all of the bases for his claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims.  Claims that are not included in the amended complaint will not be considered part of this case.  *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted).