IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAHYAN HARRIS, JR.,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-4372 |
| | : | |
| **PAGE,** *et al.*, | : | |
|     Defendants. | : | |

**ORDER**

AND NOW, this 28th day of December, 2023, upon consideration of Plaintiff Kahyan Harris, Jr.'s Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 5), and *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1.  Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.  Kahyan Harris, Jr., #KW-5313, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Greene or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Harris's inmate account; or (b) the average monthly balance in Harris's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Harris's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Harris's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Greene.

4. The Complaint is **DEEMED** filed.

5. For the reasons stated in the Court's Memorandum, Harris's claims against Correctional Officer Page are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

6. The Clerk of Court is **DIRECTED** to send Harris a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.

7. Harris is given thirty (30) days to file an amended complaint in the event he can allege additional facts to state a plausible claim against Correctional Officer Page. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Harris's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 23-4372. **If Harris files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Harris's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims. Claims that are not included in the amended complaint will not be considered part of this case.** When drafting his amended complaint, Harris should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8. If Harris does not file an amended complaint the Court will direct service of his initial Complaint on Defendant Correctional Officer Lebron only. Harris may also notify the

Court that he seeks to proceed on these claims rather than file an amended complaint.  If he files such a notice, Harris is reminded to include the case number for this case, 23-4372.

      9.      The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

                            **BY THE COURT:**

                              /s/ Jeffrey L. Schmehl
                              **JEFFREY L. SCHMEHL, J.**